UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDDIEBERTO HERNANDEZ, | § | |
| | § | |
|    Petitioner, | § | |
| VS. | § | MISCELLANEOUS NO. 2:12-MC-00584 |
| | § | |
| JOHN M. MCHUGH, | § | |
| | § | |
|    Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

On December 4, 2013, Plaintiff Hernandez filed a letter motion for appointment of counsel and for leave to proceed *in forma pauperis* (D.E. 1). The motion was set for a hearing on February 7, 2013, but the plaintiff failed to appear. The motion for appointment of counsel was denied without prejudice, and a show cause order was entered on the application for leave to proceed *in forma* pauperis (D.E. 4, 5). Plaintiff responded that he did not attend because he had been working and requested another setting. The motion was scheduled for March 5, 2013.

On March 5, 2013, Plaintiff appeared and gave testimony under oath. He satisfied the Court that he was a pauper, but was also questioned about the basis for his lawsuit, as required by 28 U.S.C. § 1915. According to Plaintiff, the Department of the Army and the EEOC conspired to deny him employment over a ten plus period of time. Because of the age of the case and the vague nature of plaintiff's allegations, he was asked if he had

ever received a right to sue letter from the EEOC. Though plaintiff claimed he had one and that this lawsuit was timely filed, he had not brought his paperwork with him. A third hearing date was scheduled for March 19, 2013, at 3:00 p.m. for the Plaintiff to bring his paperwork and to further discuss the case. The scheduled date for the hearing was to accommodate the Plaintiff. Plaintiff failed to appear for the March 19, 2013 hearing.

Plaintiff has twice failed to appear for his hearing. He appears to have abandoned his lawsuit.

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute. *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)). If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record

must reflect that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

## **Recommendation**

Plaintiff twice failed to appear and never called the court or requested a continuance because of an inability to appear. It is respectfully requested that plaintiff's application for leave to proceed *in forma pauperis* (D.E. 1) be denied, and that plaintiff be required to pay the $350 filing fee within thirty days in order to maintain his protected filing date of December 4, 2012.

Respectfully submitted this 19th day of March, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).